## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT COURT OF OKLAHOMA

| | |
|---|---|
| 1. ROBERT O'NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-13- 31-C |
| ) | |
| 1. STATE FARM MUTUAL ) | *Honorable* |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Western District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of Oklahoma County, Oklahoma, in which court this case is pending, to the United States District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant states the following:

### Timeliness of Removal

1. Plaintiff commenced this action by filing the Petition in the District Court of Oklahoma County, on December 17, 2012.

2.      State Farm was served via the Oklahoma Insurance Commissioner on December 19, 2012.

3.      In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a certified copy of the Docket Sheet and a copy of all documents filed or served in the Oklahoma County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "5".**

4.      This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

## Diversity Jurisdiction

5.      At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

6.      State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois.  State Farm is licensed to do business in the State of Oklahoma.  Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

7.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and State Farm.  Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**Allegations and Claims in the Petition**

8.  According to Plaintiff's Petition, the underlying lawsuit arises out an automobile accident between Plaintiff and the tortfeasor (although not named in the Petition, State Farm believes the tortfeasor to be Mark Davis), which occurred on or about December 16, 2010. Plaintiff Robert O'Neal had a policy of automobile insurance, number 0736-528-36D (not 1778189C0836B, as alleged by Plaintiff), issued by State Farm, which contained a provision for uninsured/underinsured motorist coverage. Plaintiff contends the policy was in force at the time of the accident. At the time of this accident, Plaintiff was driving a vehicle owned by his sister. This vehicle carried a separate policy of automobile insurance, which contained a provision for uninsured/underinsured motorist coverage. Plaintiff contends the tortfeasor in this matter had inadequate liability limits to pay Plaintiff's damages incurred as a result of this accident.

9.  Based upon its investigation, State Farm's evaluation showed Plaintiff's claim was within the value of the tortfeasor's liability limits. Additionally, the amount of Plaintiff's claimed injuries certainly does not exceed the value of the tortfeasor's liability limits and the primary uninsured/underinsured motorist coverage which was carried on the vehicle Plaintiff was driving. Because of State Farm's determination that Plaintiff's claim fell within the liability limits of tortfeasor and the primary uninsured/underinsured motorist coverage which was carried on the vehicle Plaintiff was driving, State Farm has not made an offer to Plaintiff based on underinsured motorist coverage.

10. Plaintiff alleges that State Farm has in bad faith refused to pay its policy limit. This is denied by State Farm.

**Amount in Controversy**

11. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

   a. Plaintiff alleges that State Farm in bad faith refused to pay its policy limit.

   b. Plaintiff specifically states in his Petition that he is seeking judgment against State Farm "in the amount of $25,000.00 on the contract claim, an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code on the tort claim, costs, and all other relief deemed appropriate by the court," which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 for actual damages.

12. While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co*. 529 F.3d 947 (10th Cir. 2008).

13. Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

14. State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable... .

Plaintiff seeks actual damages. State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal).

15. The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979. The notice

of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id*. (citing *DeBry* 601 F.2d at 486-88).

16.   Upon the face of Plaintiff's Petition, it clearly establishes that Plaintiff seeks money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

17.   Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

18.   Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

19.   Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the District Court of Oklahoma County, Oklahoma.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | WILSON, CAIN & ACQUAVIVA |
|  | 300 Northwest 13th Street, Suite 100 |
|  | Oklahoma City, Oklahoma  73103 |
|  | Telephone:  (405) 236-2600 |
| Date:  January 8, 2013 | Facsimile:    (405) 231-0062 |

 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
Elizabeth A. Snowden, OBA #22721
beths@wcalaw.com
**ATTORNEYS FOR DEFENDANT,**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

__ X __ I hereby certify that on the 8th day of January, 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rex Travis
rextravis@TravisLawOffice.com
Paul Kouri
paulkouri@TravisLawOffice.com
P.O. Box 1336
Oklahoma City, OK 73101-1336
**ATTORNEYS FOR PLAINTIFF**

_____ I hereby certify that on the _____ day of _____, 2013, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

                                                   s/Joseph T. Acquaviva, Jr.
                                                   Joseph T. Acquaviva, Jr.